IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER DAVIS-CLAIR,

              OPINION AND ORDER

       Petitioner,

              19-cv-44-bbc

  v.

WARDEN GARY BOUGHTON,

       Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Christopher Davis-Clair has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a judgment of conviction entered on November 14, 2013 by the Circuit Court for Milwaukee County, Wisconsin, for first degree intentional homicide and first degree reckless injury, in Case No. 2013CF97. Petitioner raises the following grounds for relief in his petition: (1) the trial court erroneously denied his motion to suppress his confession; (2) trial counsel was ineffective for failing to investigate and present evidence that petitioner was intoxicated, that petitioner's statements were coerced, and that petitioner had invoked his right against self-incrimination; (3) counsel was ineffective for failing to conduct a pre-trial investigation regarding whether petitioner was the shooter; and (4) detectives violated petitioner's rights under Miranda v. Arizona, 384 U.S. 436 (1966).

The state has responded to the petition, arguing that all of petitioner's habeas claims are barred by the doctrine of procedural default because he failed to present his claims to the Wisconsin Supreme Court for review after the Wisconsin Court of Appeals affirmed his conviction. The state also argues that petitioner's claims fail on the merits. Petitioner has responded to the state's arguments by filing a motion to hold his habeas petition in abeyance while he attempts to exhaust his claims in state court, dkt. #12; a motion for appointment of counsel, dkt. #15; and a motion to file an amended brief in support of his habeas petition that addresses the state's procedural default and merits arguments, dkt. #23. I am granting petitioner's motion to file an amended brief, which I will consider in deciding his other motions.

The state court records show that petitioner's claims are procedurally defaulted, and petitioner has failed to show that this court should overlook his default and hear his petition on the merits. Accordingly, I must dismiss the pending petition.

OPINION

Before seeking a writ of habeas corpus in federal court, a state prisoner must first give the state courts a full and fair opportunity to resolve any federal constitutional claims. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A). This legal principle, sometimes referred to as comity, recognizes that state and federal courts are equally bound to guard against constitutional violations, and federal courts should not overturn a state conviction unless the state courts have had an opportunity to

correct the violation in the first instance. Id.; Rose v. Lundy, 455 U.S. 509, 515 (1982). To insure the state courts have had this opportunity, a prisoner must show that he invoked "one complete round of the State's established appellate review process," Boerckel, 526 U.S. at 846, meaning that he must have presented his claims to the highest state court for a possible ruling on the merits. Lieberman v. Thomas, 505 F.3d 665, 669 (7th Cir. 2007). In Wisconsin, this means that a petitioner must pursue relief all the way to the Wisconsin Supreme Court. Petitioner did not do this.

After the Wisconsin Court of Appeals affirmed petitioner's conviction, petitioner's appellate attorney determined that a petition for review with the Wisconsin Supreme Court would be without any arguable merit. Appellate counsel filed a partial petition for review under Wis. Stat. § 809.32(4), which governs the procedure for no-merit petitions. The partial petition contained only a statement of the case and an appendix containing the required documents listed in Wis. Stat § 809.62(2)(f). Dkt. #10-6. Appellate counsel told petitioner that he was responsible for filing the rest of the petition and that he must do so by December 7, 2017. Id.

Petitioner moved the supreme court to extend his deadline for filing a statement of the legal issues in support of his petition for review. Dkt. #10-4 at 1-2. The supreme court granted petitioner an additional 30 days, to January 12, 2018, to "serve and file a statement in support of review," and stated that if petitioner did not file the statement by that time, the matter would be "disposed of based solely on the petition filed" by petitioner's attorney. Id. Petitioner did not file anything with the court by that date,

3

and never filed a statement in support of his petition for review. Instead, on February 6, 2018, three weeks after his deadline for filing his statement in support, petitioner sent a letter to the court stating that he wanted to file a statement in support of his petition. Dkt. #25-1. The supreme court took no action on petitioner's letter and, on February 13, 2018, denied his petition for review based on the partial materials submitted by his counsel. Dkt. #10-7.

Because petitioner never filed a completed petition for review that presented his claims to the Wisconsin Supreme Court, he failed to exhaust his claims in state court. Richardson v. Lemke, 745 F.3d 258, 268 (7th Cir. 2014) (to properly raise issue on habeas review, petitioner must have fairly presented the issue through one complete round of state court review). Petitioner concedes that he failed to file a completed petition with the supreme court. Dkt. #25 at 20. However, he contends that his default should be excused.

When a petitioner has procedurally defaulted on a claim by failing to present it in state court, a federal court may not consider the claim in a habeas petition unless the petitioner can show cause and prejudice for his failure to exhaust his claims, Edwards v. Carpenter, 529 U.S. 446, 451 (2000), or show that dismissal would result in a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298, 315 (1995). To meet the "cause" exception, a petitioner must show that there was "some objective factor external to the defense" that prevented him from pursuing his claim in state court. Harris v. McAdory, 334 F.3d 665, 668 (7th Cir. 2003). To show that dismissed of the

4

claim would result in a fundamental miscarriage of justice, the petitioner must show that in light of new evidence, not presented at trial, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. Schlup, 513 U.S. at 315; Jones v. Calloway, 842 F.3d 454, 461 (7th Cir. 2016).

Petitioner has not shown cause for his default. The record shows that petitioner's attorney explained to petitioner that he would have to file a statement in support of his petition for review to the supreme court on his own. Petitioner requested an extension of his deadline for doing so, but failed to file the required statement. Petitioner now says that he did not submit a statement in support of his petition for review because he was confused by supreme court's issuance of the remittitur in his case. He says that he believed that the remittitur meant that the supreme court had granted him a new trial. Petitioner's explanation does not make sense. The supreme court did not issue the remittitur until petitioner's deadline for filing his statement had passed and after the petition had already been denied. Moreover, even if petitioner was confused about the process, his pro se status and lack of legal knowledge do not constitute adequate grounds to excuse a default, at least by itself. Harris v. McAdory, 334 F.3d 665, 668 (7th Cir. 2003); Dellinger v. Bowen, 301 F.3d 758, 766 (7th Cir. 2002); Henderson v. Cohn, 919 F.2d 1270, 1272-73 (7th Cir. 1990).

Finally, petitioner has not attempted to show that he is actually innocent. Schlup v. Delo, 513 U.S. at 315; Jones, 842 F.3d at 461. "To be credible, a gateway claim requires 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy

5

eyewitness accounts, or critical physical evidence—that was not presented at trial.'" Thomas v. Williams, 822 F.3d 378, 387 (7th Cir. 2016) (citations omitted). Petitioner has not identified any such evidence.

For all these reasons, I must dismiss the petition on grounds of procedural default. I will also decline to issue a certificate of appealability as to the claims advanced in the habeas corpus petition. 28 U.S.C. § 2253(c)(2); Rule 11 of the Rules Governing Section 2254 Cases. For the reasons stated in this order, I find that reasonable jurists would not debate whether this court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.")


ORDER

IT IS ORDERED that

1. Petitioner Christopher Davis-Clair's motion for additional time and to hold petition in abeyance, dkt. #12, and motion for appointment of counsel, dkt. #15, are DENIED.

2. Petitioner's motion to file an amended brief in support of his habeas petition, dkt. #23, is GRANTED.

3. Petitioner's motion for a writ of habeas corpus is DENIED.

4. No certificate of appealability shall issue.

5. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 27th day of February, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge